NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1852
_____

UNITED STATES OF AMERICA,

v.

MATTHEW SHARPS,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cr-00112-001)
District Judge: Honorable Cynthia M. Rufe

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2026
_____

Before:  CHAGARES, Chief Judge, RESTREPO and MONTGOMERY-REEVES,
Circuit Judges.

(Filed: June 16, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, Chief Judge.

Matthew Sharps challenges his 30-month sentence for possession of ammunition as a felon, arguing that the District Court ran afoul of Tapia v. United States, 564 U.S. 319 (2011) by imposing an upwardly variant sentence based on his need for rehabilitation. For the following reasons, we will affirm.

I.[1]

On November 17, 2023, Sharps stood on the street outside of his residence in Philadelphia and fired a semi-automatic handgun into the air. Sharps — who struggles with alcohol addiction — was heavily intoxicated at the time. Sharps then entered his building. When Philadelphia police arrived, they observed him leaning out the window and yelling that people were trying to kill him. They also observed several fired cartridge casings on the street.

Sharps eventually exited his building and was arrested. Upon processing the scene and searching his apartment, the police recovered seven fired cartridge casings matching Sharps's firearm, fifteen rounds of ammunition, and various other items of firearm paraphernalia.[2] Sharps was prohibited from owning firearms or ammunition at the time due to prior felony convictions.

Sharps was consequently indicted by a grand jury in the United States District

---

[1] We write primarily for the parties and so recite only the facts essential to our decision.

[2] The police did not initially recover Sharps's firearm in their search of his apartment. Rather, a resident of his building found the firearm nine months later under a rooftop vent and contacted the police. The firearm was then matched to the fired cartridge casings recovered from the scene.

Court for the Eastern District of Pennsylvania on a single count of possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). He entered an open guilty plea shortly thereafter. At sentencing, the District Court calculated Sharps's advisory Sentencing Guidelines range to be 21 to 27 months of imprisonment. The District Court imposed a three-month upward variance to 30 months of imprisonment, followed by three years of supervised release. Sharps timely appealed.

II.[3]

Sharps raises a single argument on appeal: that the District Court contravened Tapia by imposing an upwardly variant sentence on account of his need for rehabilitation and alcohol addiction treatment. We review for plain error because Sharps failed to raise this argument at sentencing. United States v. Schonewolf, 905 F.3d 683, 686–87 (3d Cir. 2018). Under that standard, Sharps must show: (1) an error; (2) that is plain; and (3) that affected his substantial rights. Johnson v. United States, 520 U.S. 461, 466–67 (1997). If all three elements are met, we have the discretion to grant relief so long as "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Id. at 467 (citation modified).

The Sentencing Reform Act provides, in relevant part, that district courts:

> in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

18 U.S.C. § 3582(a). The Supreme Court read this provision in Tapia to "preclude[] sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." 564 U.S. at 332. But "[t]his assuredly does not mean . . . that judges are prohibited from mentioning rehabilitation during the sentencing hearing." United States v. Zabielski, 711 F.3d 381, 391 (3d Cir. 2013). Rather, "rehabilitation may be a factor granted some weight in selecting a prison sentence, so long as it is not the primary or dominant consideration."[4] Schonewolf, 905 F.3d at 691. We will therefore "only find error where the record suggests 'that the court may have calculated the length of [a defendant's] sentence to ensure that she receive[s] certain rehabilitative services.'" Id. at 692 (quoting Tapia, 564 U.S. at 334–35).

We are not persuaded that the District Court crossed the Tapia line here. The District Court did recognize Sharps's longstanding struggles with alcohol abuse and need for rehabilitative treatment in both its oral pronouncement of sentence and Statement of Reasons. But in doing so, the District Court repeatedly framed Sharps's addiction — and his consequent need for treatment — as an issue of dangerousness. The District Court emphasized that far from rehabilitation or treatment being its primary concern:

_____

[4] As Sharps notes, "[t]here is an entrenched Circuit split over whether rehabilitation can play any role in the selection of a term of incarceration or its length." Sharps Br. 8. While this Court as well as the "First, Second, Fourth, Fifth, Sixth, and Eighth Circuits have articulated a narrower standard, requiring that rehabilitation must have been the determining factor in a prison sentence before finding a *Tapia* violation," the "Seventh, Ninth, Tenth, and Eleventh Circuits impose a stringent standard by which seemingly any consideration of rehabilitation is impermissible under *Tapia*." Schonewolf, 905 F.3d at 691. Nevertheless, as Sharps recognizes, we are bound by Schonewolf and must apply that standard. See 3d Cir. I.O.P. 9.1.

4

> You present a danger, Mr. Sharps, and for that presentation of danger, the Court's <u>first obligation is to fashion a sentence that protects the public from your future crimes</u>, deters you from committing future crimes, second . . . objective. Third, promote respect for the law and impose a just punishment. <u>Fourth objective is to rehabilitate you</u>.

Appendix ("App.") 90 (emphases added); <u>see also</u> App. 91 ("You do need severe help. But the <u>first thing</u> you need is to be contained." (emphasis added)). To the extent that the District Court specifically referenced rehabilitation or addiction treatment, it was largely in the context of "discussing the opportunities for rehabilitation within prison" — something which the Supreme Court expressly recognized "commits no error." <u>Tapia</u>, 564 U.S. at 334. Thus, because we discern no basis in the record to conclude that the District Court gave "primary or dominant consideration" to rehabilitation, let alone "specifically tailored" Sharps's sentence for purposes of the same, we hold there was no error. <u>Schonewolf</u>, 905 F.3d at 691, 694.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.